UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Elizabeth Poole, | Case No. 2:24-cv-01981-CDS-BNW |
| Plaintiff | **Order Granting in Part Progressive's Motion for Summary Judgment and Ordering the Parties to Settlement Conference** |
| v. | |
| Progressive Direct Insurance Company, | |
| Defendant | [ECF No. 25] |

This breach-of-contract insurance dispute arises out of a 2017 car accident in Clark County, Nevada between the plaintiff, Elizabeth Poole,[1] and non-party, Rene Arguelles, Jr. *See* Compl., Def.'s Ex. A, ECF No. 1-1. As a result of the accident, Poole brought a negligence action against Arguelles Jr. *See generally id.* Progressive Direct Insurance Company insured Arguelles, Jr and his rights were assigned to plaintiff against the defendant Progressive. *Id.* at 2–3. In 2024, Poole brought this action against Progressive. *See* ECF No. 1-1. Progressive removed the case to this court. Pet. for rem., ECF No. 1. Progressive now moves for summary judgment, which Poole opposes. Mot. summ. j., ECF No. 25; Opp'n, ECF No. 41. This motion is fully briefed. Reply, ECF No. 48. For the reasons explained herein, I find that the statute of limitations bars claims three and four, so I grant summary judgment on those counts. However, there remain genuine disputes of material fact as to counts one and two, so I deny Progressive's motion for summary judgment on those two claims.

## I.    Legal standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary-judgment stage, the court "must view the evidence and inferences

---

[1] At the time of the accident the plaintiff's name was Elizabeth Roe. Def.'s Ex. A, ECF No. 1-1 at 2.

therefrom in the light most favorable to the party opposing summary judgment." *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citing *Diaz v. ATT*, 752 F.2d 1356, 1362 (9th Cir. 1985); *Jewel Cos., Inc. v. Pay Less Drug Stores Nw., Inc.*, 741 F.2d 1555, 1559 (9th Cir. 1984)). "When reasonable minds could differ on the material facts at issue, summary judgment is not appropriate." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994) (citing *See v. Durang*, 711 F.2d 141 (9th Cir. 1983)).

## II.    Undisputed facts

On September 30, 2017, Arguelles Jr., crossed into oncoming traffic and collided head-on with Poole's vehicle. *See* Traffic Accident Rep., Def.'s Ex. A, ECF No. 25-1. Poole sustained significant injuries from the accident, and her vehicle was declared a total loss. *Id.* At the time of the accident, Arguelles Jr., was insured by Progressive. *See* Ins. Pol'y, Def.s' Ex. B, ECF No. 25-2.

Less than a month after the accident, Poole's attorney sent a demand, with conditions,[2] to Progressive for its $15,000 per-person policy limit. *See* Demand Ltrs., Def.'s Ex. C, ECF No. 25-3; Def.'s Ex. K ECF No. 25-11; *see also* Claim Info., Def.'s Ex. E, ECF No. 25-5. As set forth in the demand letter, the deadline to respond was November 6, 2017. Def.'s Ex. C, ECF No. 25-3 at 3–4; Def.'s Ex. K, ECF No. 25-11 at 5. On October 30, 2017, Progressive sent a response to Poole's demand letter, wherein they asked for additional time to respond. *See* Claim info., Def.'s Ex. G, ECF No. 25-7.

In a letter dated November 3, 2017, Poole's attorney, Brock Ohlson, sent a letter to Progressive stating that their denial of liability was "unreasonable," that the "refusal/delay" in accepting liability was to the detriment of Arguelles, and that liability was undisputed. *See* 11/3/2017 Corresp., Def.'s Ex. J, ECF No. 25-10. Ohlson agreed to extend the time to respond to

---

[2] These conditions required that plaintiff provide the following: (1) declaration sheets for all applicable bodily injury policies; (2) an affidavit including information about any additional coverage for Arguelles, information about any significant assets (or the lack thereof); (3) information about whether Arguelles was "on the job" at the time of the accident; (4) disclosure as to whether a family vehicle was involved or whether the family vehicle doctrine might apply; (4) "[c]hecks for all applicable policy limits"; (5) bodily injury release for all applicable policy limits; and (6) copies of all documentation obtained utilizing the limited authorization. *See* Def.'s Ex. C, ECF No. 25-3 at 3.

Poole's demand letter if Progressive could show that they "have diligently investigated [Poole's] claim." *Id.* at 2–3.

In a second letter also dated November 3, 2017, Progressive sent a letter to Poole's attorney offering the $15,000 bodily injury policy limit. Corresp., Def.'s Ex. H, ECF No. 25-8. That letter stated that a check was being mailed for Poole to counsel's office and included a release and a copy of Arguelles's declaration page confirming coverage. *Id.* It also noted that the case was being referred to attorney John Keating, Esq. *Id.* A third letter dated November 3, 2017, from Progressive's Claim Department to the plaintiff stated that "[i]n compliance with NRS 686A.325, we are notifying you that a payment of $15,000.00 has been issued on your behalf to the Brock Ohlson Injury Lawyers for the injuries you sustained in the auto accident on September 29, 2017." *See* 11/3/2017 Corresp., Def.'s Ex. I, ECF No. 25-9.

On November 7, 2017, Ohlson sent a letter to Progressive acknowledging receipt of their November 3, 2017 letters, but rejecting the policy limit offer because Progressive did not strictly comply with the conditions of Poole's demand. *See* Def.'s Ex. K, ECF No. 25-11.

On November 14, 2017, Progressive responded to Ohlson's letter rejecting the policy-limit-settlement, noting the offer included a copy of the insured's declaration page and release of all claims to be signed by Poole, and confirming the settlement check was mailed on November 5, 2017. *See* 11/14/2017 Corresp., Def.'s Ex. L, ECF No. 25-12. The letter also stated that Progressive had been in touch with their attorney, Keating, regarding the status of an affidavit as to any other insurance coverage or significant assets. *Id.*

Poole initiated her negligence action against Arguelles Jr. in 2018. *See Elizabeth Roe v. Rene Arguelles*, Eighth Judicial District Court Case No. A-18-786757-C.[3] That action went to trial in July 2021, and a verdict in Poole's favor in the amount of $101,817.96 was entered on August 4, 2021. *Id.; see also* Verdict, Pl.'s Ex. 4, ECF No. 41-4. On October 5, 2022, Arguelles executed a

---

[3] I take judicial notice of the court docket in this case. *See* Fed. R. Evid. 201; *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").

"Covenant Not to Execute and Assignment of Rights." *See* Pl.'s Ex. 9, ECF No. 41-9. A notice of appeal was filed on March 7, 2022; however, a second amended judgment was entered four months later, followed by a partial satisfaction of judgment, docketed on April 4, 2023. *Id.*; Partial sat. of j., Pl.'s Ex. 11, ECF No. 41-11.

On May 12, 2023, Progressive sent a letter to Arguelles advising of the final judgment that was entered on July 29, 2022, in the amount of $137,802.44, which they had partially satisfied by paying the $15,000 policy limit. Ltr., Pl.'s Ex. 10, ECF No. 41-10. The letter also stated that Progressive's and the Keating Law Group's handling of the matter had concluded. *See id.*

Poole brought this action against Progressive on September 17, 2024. *See* ECF No. 1-1 at 1. In the complaint, Poole brings four claims: (1) breach of contract, (2) breach of the implied covenant of good faith/fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, and (4) violation of Nevada's Unfair Claims Practices Act. *Id.*

**III.    Discussion**

A statute of limitations prohibits a suit after a period following the accrual of the cause of action. *Allstate Ins. Co. v. Furgerson*, 766 P.2d 904, 906 n.2 (Nev. 1988). "A cause of action 'accrues' when a suit may be maintained thereon." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). However, under the discovery rule, the statute of limitations begins running when the "aggrieved party knew, or reasonably should have known, of facts giving rise to damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997). When the plaintiff knew or should have known of the facts constituting the elements of its cause of action is generally a question of fact for the trier of fact. *Soper by & Through Soper v. Means*, 903 P.2d 222, 224 (Nev. 1995).

Nevada provides for a six-year statute of limitations for breach of contract upon a contract, obligation or liability founded upon an instrument in writing. Nevada Revised Statutes (NRS) 11.190(1)(b); *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090 (D. Nev. 2006).

The same six-year statute of limitations applies to a claim of a breach of the covenant of good faith and fair dealing. NRS 11.190(1)(b). Poole's claim of a tortious breach of the covenant of good faith and fair dealing is subject to a four-year statute of limitations. NRS 11.190(2)(c). And Poole's final claim, a violation of Nevada's Unfair Claim Practices Act, is subject to a three-year statute of limitations. NRS 11.190(3)(a); *Queensridge Towers, LLC v. Allianz Global Risks US Ins. Co.*, 2014 U.S. Dist. LEXIS 177433, at *21 (D. Nev. Dec. 24, 2014).

Progressive seeks summary judgment on all four of claims filed against them. *See* ECF No. 25. It argues the statute of limitations bars each claim because the alleged "wrongs" it committed against Arguelles are related to their handling of Poole's pre-litigation claims back in 2017, almost seven years before this action was initiated. *Id.* Poole opposes the motion, arguing that Progressive fails to meet its burden of showing that summary judgment is warranted because there are disputes of material fact regarding "when injury was sustained or discovered" and whether "[Progressive's] delay and withholding of discovery prevent[ed] proper adjudication." *See* ECF No. 41 at 5. Poole further argues that it was not until March of 2022 or 2023—when Arguelles learned that Progressive would not indemnify him beyond his policy limits—that his claims against Progressive were "discovered." *Id.* at 11–12. In reply, Progressive argues that because "[n]otice to an attorney is, in legal contemplation, notice to his client,"[4] Arguelles discovered the facts supporting his claims no later than November 7, 2017, when Poole advised Progressive's attorney, who also represented Arguelles at the time, that she would not accept the policy-limit-settlement. ECF No. 5-6.

As a threshold matter, Poole's argument that Arguelles did not "discover" he had claims against Progressive at the earliest, March 2022, or at the latest, March 2023, is unpersuasive. First, as it relates to the "latest date," Arguelles's covenant not to execute, dated October 5, 2022, states "[Poole] and Arguelles both believe Progressive Insurance, and its agent, are in violation of the Nevada Unfair Trade Practices Act and the Covenant of Good Faith and Fair Dealing, as well

---

[4] ECF No. 48 at 5 (citing *Lange v. Hickman*, 544 P.2d 1208, 1209 (1976)).

as having breach [sic] the insurance contract, and therefore, subjected Arguelles to personal exposure for the September 2017 Collision claim as to the bodily injuries and claims brought by [Poole], as well as undue and needless stress, anxiety, and mental well-being." Pl.'s Ex. 9, ECF No. 41-9 at 2, ¶ 5. Thus, Arguelles was on notice of potential claims well before March 2023.

Second, the record shows that Progressive advised Arguelles that Poole had rejected settlement in a January 29, 2019 letter. *See* 1/29/2019 Ltr., Def.'s Ex. B, ECF No. 48-2 at 2–3. That letter advised Arguelles that: (1) Progressive had extended a $15,000 offer (the policy limit) to Poole but it had not yet been accepted, (2) asking for any information about insurance policies that might provide excess coverage for him, (3) advising Progressive's counsel would represent him or he could hire independent counsel, and (4) that if Arguelles decided to hire his own attorney to protect his personal assets against any "excess" judgment from the lawsuit, to have the attorney contact Progressive's attorney "immediately." *Id.*

Third, Progressive also informed Arguelles of Poole's position that Progressive was subject to additional liability and that he needed independent counsel in April of 2020. *See* 4/8/2020 ltr., Def.'s Ex. C, ECF No. 48-3. Thus, Poole's argument that Arguelles did not know of any potential claims against Progressive at the earliest in of March of 2022 is contradicted by the record.

The evidence demonstrates that Arguelles knew or should have known of the injuries that could give rise to this action, at the earliest, on January 29, 2019, when he received the letter informing him of the case and risk "excess" judgment. *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990) (applying Nevada's "discovery rule," and holding that "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action."). At the latest, Arguelles was informed of potential claims against Progressive by way of the April 8, 2020 letter from the Keating Group informing him that Poole had rejected the $15,000 settlement and explaining that Poole's letter (that was enclosed) articulating Poole's

position that Arguelles needed independent counsel based on an alleged conflict of interest in having the Keating Group represent both Progressive and Arguelles.

Broadly applying the discovery rule time period, the record demonstrates Arguelles knew or should have known of injuries around April of 2020. Therefore, the court finds claims three and four are barred by the statute of limitations because this action was not filed until September of 2024, four years after those claims would have accrued. Accordingly, Progressive is entitled to summary judgment on claims three and four.

However, summary judgment for claims one and two is not appropriate. While Progressive argues that the facts that give rise to those claims date back to 2017, there is insufficient evidence to determine when Arguelles knew or should have known that he was injured. Indeed, it is unclear when Arguelles learned the $15,000 settlement had been rejected. The evidence before the court suggests that he knew or should have known about any potential claims in or around January 2019, when he received the January 29, 2019 letter informing him of the case and risk "excess" judgment, or in April 2020 when he affirmatively learned the offer had been rejected. But suggestion is insufficient to grant summary judgment. *See generally Pegram v. Brennan*, 2021 U.S. Dist. LEXIS 241795, at *20–21 (N.D. Cal. Dec. 17, 2021) (explaining that a suggestion was insufficient to create a genuine dispute of fact).

### III.    Conclusion

IT IS THEREFORE ORDERED that Progressive's motion for summary judgment **[ECF No. 25] is GRANTED in part** as set forth in this order.

IT IS FURTHER ORDERED that this case is referred to the magistrate judge for a mandatory settlement conference on the remaining two claims. The parties' deadline to file their proposed joint pretrial order is stayed until 14 days after the settlement conference, should this case not resolve.

Dated: February 5, 2026

_____
Cristina D. Silva
United States District Judge

7